# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**AMERICAN GENERAL LIFE INSURANCE COMPANY,**

    **Plaintiff,**

vs.                                                     Case No.: 8:08-CV-1357-T-23EAJ

**SUSAN SOULE, BOBBI JO SIMONS, and PING C. WALTERS,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Before the court are **Plaintiff's Motion for Interpleader** (Dkt. 3), **Defendant Susan Soule's Response to Motion for Interpleader** (Dkt. 8), **Defendant Bobbi Jo Simon's Response to Motion for Interpleader** (Dkt. 11), and **Defendant Ping C. Walter's Response to Motion for Interpleader** (Dkt. 16).[1] For the reasons set forth below, it is recommended that Plaintiff's Motion for Interpleader be granted in part.

**I.**     **Background**

On July 15, 2008, Plaintiff, American General Life Insurance Company ("American General") filed a Complaint for Interpleader and a Motion for Interpleader (Dkts. 1 and 3).

American General alleges that William Walters ("Decedent") was insured under a $250,000 life insurance policy issued by American General in 2002 (Dkt. 1 at 2). After Decedent's death on April 30, 2008, American General asserts that it received competing claims for the proceeds of

---

[1] The district judge referred this matter for a report and recommendation (Dkt. 13). See 28 U.S.C. § 636(c); Local Rules 6.01(b) and (c), M.D. Fla.

Decedent's policy from Defendant Ping C. Walters ("Walters"), Defendant Susan Soule ("Soule"), and Defendant Bobbi Jo Simons ("Simons") (Dkt. 3 at 1). The claim filed by Walters, Decedent's wife, is based upon the beneficiary designation on file with American General at the time of Decedent's death (Dkt. 1 at 2). The claim filed by Soule and Simons, Decedent's sisters, is based on a subsequent beneficiary designation, which Decedent allegedly completed shortly before his death but was not received by American General until after his death (Id.).

As a result of the conflicting claims for the policy proceeds, American General contends it could be exposed to double liability (Dkt. 3 at 2). Furthermore, American General asserts that it has no interest in the policy proceeds and did nothing to cause the conflicting claims (Id.). American General seeks an order authorizing it to deposit into the court registry the amount due under Decedent's policy (Id.). In addition, American General requests a final discharge from this action and an award of attorneys' fees and costs incurred in this matter (Dkt. 3 at 3).

Soule and Simons oppose American General's Motion for Interpleader contending that American General neglected its contractual obligation to honor the subsequent change of beneficiary notice completed by Decedent (Dkts. 8 and 11).

Walters admits that American General could be exposed to double liability due to the conflicting claims (Dkt. 16 at 1). However, Walters denies for lack of knowledge that American General retained legal representation in this matter and is obligated to pay reasonable attorneys' fees for services rendered (Dkt. 16 at 1-2).

**II.     Discussion**

    A. American General's Motion for Interpleader

Interpleader is the means by which a stakeholder, who typically claims no interest in an asset,

avoids liability by asking the court to determine the asset's rightful owner. Chase Manhattan Bank v. Mandalay Shores Coop. Hous. Ass'n, 21 F.3d 380, 383 (11th Cir. 1994). In an interpleader action, the burden is on the party seeking interpleader to demonstrate that he is entitled to it. Dunbar v. United States, 502 F.2d 506, 511 (5th Cir. 1974).[2] Interpleader is appropriate where there are conflicting claims against insurance policy proceeds. See 28 U.S.C. § 1335(a)(1) (district court has jurisdiction over civil interpleader actions filed by a corporation issuing a policy of insurance where there are two or more adverse claimants of diverse citizenship)[3]; Fed. R. Civ. P. 22(a) ("Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead.").

Here, American General is subject to adverse claims filed by Walters, Soule, and Simons to recover the proceeds of Decedent's insurance policy. American General may be exposed to double liability as a result of these conflicting claims. Thus, American General has demonstrated that interpleader is appropriate and the court recommends that American General be directed to deposit the proceeds of Decedent's insurance policy, plus accrued interest, into the court registry. Fed. R. Civ. P. 67(a).

However, Soule and Simons contend that American General's failure to honor a subsequent change of beneficiary notice completed by Decedent shortly before his death caused the conflicting

---

[2] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

[3] American General asserts a statutory interpleader action (Dkt. 1 at 2). Statutory interpleader requires minimal diversity among the claimants, meaning that at least one claimant must be of diverse citizenship from another claimant. 28 U.S.C. § 1335(a)(1). In this case, Walters is a citizen of Maryland while Soule is a citizen of Florida and Simons is a citizen of New York (Dkts. 1, 8, 11, 16).

claims. Thus, because American General may be independently liable to Defendants, the court declines to recommend, at this time, a final discharge of American General from all liability.[4] See Companion Life Ins. Co. v. Schaffer, 442 F. Supp. 826, 829 (S.D.N.Y. 1977)(while interpleader properly invoked, the court declined to discharge insurance company from liability where plaintiff alleged negligence on part of the insurer). Upon the completion of discovery, American General may renew its request for final discharge.

      B.      American General's Request for Attorneys' Fees and Costs

American General requests an unspecified award of attorneys' fees and costs incurred in litigating this case. American General failed to submit any affidavits or documents in support of its request for attorneys' fees and costs.

An award of attorneys' fees and costs to a disinterested stakeholder in an interpleader action is within the discretion of the court. Prudential Ins. Co. v. Boyd, 781 F.2d 1494, 1497 (11th Cir. 1986). However, an award of attorneys' fees and costs is not warranted when a stakeholder's interpleader claim arises out of the normal course of business. Mandalay Shores, 21 F.3d at 383. For example, when an insurance company uses an interpleader action to resolve disputed claims, it is not entitled to an award of attorneys' fees and costs. Id. The Eleventh Circuit explained that:

> In a sense, the insurance company will use interpleader as a tool to allocate proceeds and avoid further liability. As the costs of these occasional interpleader actions are foreseeable, the insurance company easily may allocate the costs of these suits to its customers. Unlike innocent stakeholders who unwittingly come into possession of

---

[4] Plaintiff argues that, upon deposit of insurance proceeds into the court registry, it is entitled to a final discharge which precludes any party from bringing an action against it with regard to the disputed funds (Dkt. 3 at 2-3). However, the cases Plaintiff cites are distinguishable from the facts of this case. Here, Soule and Simons assert that American General's actions caused the conflicting claims. As such, American General is not a disinterested stakeholder and, therefore, is not entitled to a final discharge at this time.

a disputed asset, an insurance company can plan for interpleader as a regular cost of business and, therefore, is undeserving of a fee award.

Id.

In this case, American General is not a disinterested or innocent stakeholder. Moreover, because the dispute over the Decedent's proceeds arose in the normal course of business, the cost of handling the conflicting claims should be treated as a regular cost of doing business. Therefore, the court recommends that American General's request for an award of attorneys' fees and costs be denied at this time subject to reconsideration at a later date if some other basis for an award is demonstrated.

Upon consideration, it is **RECOMMENDED** that**:**

(1)     **Plaintiff's Motion for Interpleader** (Dkt. 3) be **GRANTED IN PART** and the court enter an order directing Plaintiff to deposit the proceeds of Decedent's insurance policy, plus accrued interest, into the court registry;

(2)     All other requested relief be **DENIED**.


**Date:   October 14 , 2008**

ELIZABETH A JENKINS
United States Magistrate Judge

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal and a <u>de</u> <u>novo</u> determination by a District Judge.  <u>See</u> 28 U.S.C. § 636(b)(1).

Copies to:
District Judge
Counsel of Record