UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

    Plaintiff,

v.                                        CASE NO: 8:08-cv-1357-T-23EAJ

SUSAN SOULE, et al.,

    Defendants.

_____/

## ORDER

Pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b), the plaintiff's "Motion for Interpleader" (Doc. 3) was referred to the United States Magistrate Judge for a report and recommendation. Following the Magistrate Judge's October 14, 2008, report and recommendation (Doc. 18), no party objects to the report and the time for filing objections has expired. Accordingly, the magistrate judge's report and recommendation (Doc. 18) is **ADOPTED**. The "Motion for Interpleader" (Doc. 3) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent that (a) the plaintiff shall deposit the proceeds of the decedent's insurance policy, plus accrued interest, into the court's registry, and the Clerk is directed to deposit the funds in a special interest-bearing account pursuant to Local Rule 4.16; and (b) the defendants are required to interplead and resolve their respective rights and competing claims to the insurance policy. Otherwise, the motion is **DENIED**. American General Life Insurance Company

("American General") may file a renewed motion (excluding a request for attorney's fees) upon the completion of discovery.

On or before **November 10, 2008**, the defendants Susan Soule and Bobbi Jo Simons are directed to answer the defendant Ping Kai Walters's "Cross Claim for Declaratory Judgment" (Doc. 15).  Additionally, if Soule and Simons wish to prosecute a claim against American General, Soule and Simons shall plead the claim with greater specificity.  Soule and Simons admit that, following the insured's death, American General received conflicting claims to the insurance policy proceeds (1) from Ping Kai Walters based on a beneficiary designation on file and (2) from Soule and Simons "based on a subsequent beneficiary designation, which purports to have been completed by [the insured] shortly before his death but which was not received by American General until after his death."  See Doc. 1 ¶¶ 12-13; Docs. 7, 10 ¶¶ 12-13.  The admissions appear to compel the conclusion that, despite Soule and Simons's denial of paragraph eleven of the complaint,[1] American General became subject to conflicting claims to the policy proceeds through no fault of its own.  In other words, in light of these admissions, the conclusory allegation (Docs. 7, 10 [prayers for relief]) that "American General has created an instance of what it refers to as conflicting claims by neglecting to honor its contractual obligations to its policy owner and insured" will not suffice.  Failure to plead the claim with greater specificity will result in an order dismissing the claim, discharging American General from this action, and enjoining the defendants from further action against American General with respect to the disputed

---

[1] See Doc. ¶ 11 ("After the insured's death, American General received competing claims for the benefits of the policy from the defendants."); Docs. ¶ 11 ("Deny").

fund.  Finally, Simons and Soule urged to consider obtaining the assistance of counsel before filing any further pleading.

ORDERED in Tampa, Florida, on October 27, 2008.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE